**U.S. Department of Justice**



*United States Attorney*
*Eastern District of New York*

```
JAP:WMP                                271 Cadman Plaza East
F.#2008R00809                          Brooklyn, New York  11201
```

November 17, 2008

**BY ECF**

The Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

        Re:  United States v. Kushi Samuels
            Criminal Docket No. 08-M-445

Dear Judge Mann:

        The government respectfully submits this letter brief to reply to the defendant's October 24, 2008 submission ("Def. Letter Brief") in opposition to the government's September 2, 2008 memorandum of law in support of the fugitive Kushi Samuels' (the "defendant") extradition to Canada in connection with the above-referenced case.  The defendant requests that the Court refuse to certify the extradition to Canada on the grounds that there is insufficient evidence for a finding of probable cause, or in the alternative, requests that the Court hold a full evidentiary hearing in order to properly assess the reliability of the evidence offered by the Government of Canada.  For the reasons provided below, the defendant's arguments are meritless.

        The law is clear that the Court must issue a certificate of extraditability pursuant to U.S.C. § 3184 when: (1) there is a valid extradition treaty between the United States and the requesting country; (2) there are criminal charges pending against the extraditee and the required documents have been presented, translated and duly authenticated by the United States Consul; (3) there is probable cause to believe the individual arrested is the individual sought; (4) there is probable cause to believe the extraditee committed the offenses charged; and (5) the offenses charged are extraditable and dual criminality is established.  In re Extradition of Hon-Ming, No. 06-M-0296 (RLM), 2006 U.S. Dist. LEXIS 88326, at *11 (E.D.N.Y.

Dec. 6, 2006); see also Collins v. Loisel, 259 U.S. 309, 314-17 (1922); In re Extradition of Waters, No. 03-M-1072 (CLP), 2003 U.S. Dist. LEXIS 24399, at *2 (E.D.N.Y. Nov. 24, 2003); In re Extradition of Ernst, No. 97 Crim. Misc. 1 PG. 22, 1998 U.S. Dist. LEXIS 10523, at *4 (S.D.N.Y. Jul. 14, 1998).  In his submission, the defendant argues only as to the lack of probable cause to believe that he committed the offenses charged (point 4 above), and thereby concedes points 1-3, and 5.  The defendant does note, however, that he is not "conceding the identity issue," which is point 3 above.  (Def. Letter Brief at footnote 1).  But other than making this declarative statement, he does not counter or even attempt to address the government's arguments establishing probable cause that the defendant is the same individual sought by the Government of Canada, and consequently, should be deemed to have conceded this point as well.  Thus, the only remaining issue is whether there is probable cause to believe that the defendant committed the offenses charged.  Below, we address the arguments made by the defendant as the grounds that there is insufficient evidence for a finding of probable cause.

   The Second Circuit has stated that an extraditee's right to controvert the evidence introduced against him is limited to testimony which explains rather than contradicts the demanding country's proof.  Shapiro v. Ferrandina, 478 F.2d 894, 901 (2d Cir. 1973); see also United States v. Pena-Bencosme, No. 05-M-1518 (SMG), 2006 U.S. Dist. LEXIS 82579, at *9-10 (E.D.N.Y. Nov. 13, 2006); In re Extradition of McMullen, 769 F. Supp. 1278, 1292 (S.D.N.Y. 1991).  However, the defendant only draws connections that attempt to contradict rather than explain the proof provided by the Government of Canada.

   First, the defendant points out that there is no evidence linking him to the shooting of Nicholas Rodriguez and Miguel Millings outside the dance hall.  (Def. Letter Brief at 6).  The defendant adds that Asher Manget's statements that the defendant shot him inside the dance hall "have the effect of exculpating [him] from any involvement in the shootings that took place outside the dance hall."  (Id.).  Thus, the defendant argues that he cannot be extradited for the murder of Nicholas Rodriguez and the attempted murder of Miguel Millings, which took place outside the dance hall.  This argument is meritless because it is factually and legally flawed.

   The argument is factually flawed because the government has never claimed that the defendant fired the shots that killed Nicholas Rodriguez and severely injured Miguel Millings.  The proof provided by Canada demonstrates that Desta Barnes, the

defendant's accomplice in the shootings, is the one who shot Mr. Rodriguez and Mr. Millings outside the dance hall while the defendant shot Asher Manget inside the dance hall. (See Exh. 1, Abraham Aff. ¶¶ 21, 45).[1] But the fact that the defendant did not shoot Mr. Rodriguez and Mr. Millings outside the dance hall does not absolve him of the crimes associated with these shootings. The defendant arrived at the dance floor with Desta Barnes with the clear intention to shoot certain individuals and thereafter aided and abetted Desta Barnes in the ensuing shootings at the dance hall. (Id.). Section 21 of the Criminal Code of Canada provides:

> Every one is a party to an offence who (a) actually commits it; (b) does . . . anything for the purpose of aiding any person who commits it; or (c) abets any person in committing it.
>
> Where two or more persons form an intention in common to carry out an unlawful purpose and to assist each other therein and any one of them, in carrying out the common purpose, commits an offence, each of them who knew or ought to have known that the commission of the offence would be a probable cause of carrying out the common purpose is a party to that offence.

(See Exh. 1, Longpré Aff. ¶ 13).

Thus, the argument that the defendant is not responsible for the shootings outside the dance hall if he is responsible for the shootings inside the dance hall is legally flawed when he and Desta Barnes were accomplices in the shootings at the dance hall. Consequently, the defendant should be extradited for the crimes that he has been duly and legally charged with having committed in the jurisdiction of Canada, i.e., the crimes of one count of first-degree murder contrary to Section 235 of the Criminal Code of Canada and two counts of attempted murder contrary to Section 239 of the Criminal Code of Canada. (See Exh. 1, Longpré Aff. ¶¶ 7-13).

---

[1] Exh. 1 refers to the exhibit provided with the Government's September 2, 2008 memorandum of law.

Second, the defendant argues that Asher Manget's statements identifying the defendant as the gunman who shot at him inside the dance hall "do not make any sense," are "inconsistent and implausible," and are "directly at odds with other witness's statements." (Def. Letter Brief at 7-8). By making these assertions, the defendant is improperly contradicting the proof provided by Canada, rather than explaining it. See Shapiro, 478 F.2d at 901. Moreover, courts have held that evidence that "merely raises doubts about the reliability of the government's proof is insufficient to defeat an extradition request." Pena-Bencosme, 2006 U.S. Dist. LEXIS 82579, at *35; In re Extradition of Singh, 170 F. Supp. 2d 982, 1013 (E.D. Cal. 2001); United States v. Fernandez-Morris, 99 F. Supp. 2d 1358, 1361 (S.D. Fla. 1999); Freedman v. United States, 437 F. Supp. 1252, 1266 (N.D. Ga. 1977).

Nevertheless, even if one assumes that the defendant's attack on Asher Manget's statements is permitted under the law, they are not unreliable and implausible as claimed by the defendant, but at best, "merely raise doubts" about Mr. Manget's testimony. First, the defendant notes that Mr. Manget's statements when he first spoke to the police at the hospital's emergency ward, approximately forty minutes after he was shot, are "slightly different" from his written statement taken at the police station approximately five hours later. (Def. Letter Brief at 7; see Exh. 1, Abraham Aff. ¶¶ 13, 21). It is not surprising that the statements made by Mr. Manget at the hospital emergency ward, less than an hour after he was shot, are slightly different when compared to his written statement made five hours later after he had some time to recover from the shooting and gather himself from the events of the night. Second, the defendant argues out that the fact that Mr. Manget could "somehow see . . . across the dark dance hall and outside into the street" is implausible. (Id.). There is no mention in the Abraham Affidavit that the dance hall was dark, and the defendant points to no evidence of this fact. Third, the defendant argues that it is not credible that Mr. Manget was able to run out the front of the dance floor fast enough to see the defendant and Desta Barnes flee the scene after being shot in the knee and thigh. (Def. Letter Brief at 7). But the defendant provides no explanation as to why such an injury would incapacitate Mr. Manget to such an extent that he would be unable to run a short distance across the dance hall to observe the defendant and Desta Barnes flee the scene.

The defendant then states that Asher Manget's statements are directly at odds with other witnesses' statements. But again, this is not factually accurate. First, the defendant

4

argues that "John Adlan, who the police apprehended running away from the party, saw a man with a gun follow him out the back door of the dance hall, not the front, as Mr. Manget claims." (Def. Letter Brief at 7-8). However, Mr. Adlan never states that the man with the gun exited by the back door of the dance hall, but only that he saw him jump "the same fence" that he jumped after he had exited from the back door. (See Exh. 1, Abraham Aff. ¶ 20). Second, the defendant points to Bernard Gary Rodriguez's statements that the defendant and Desta Barnes went outside the dance hall shortly before the shooting began as further evidence of contradicting Mr. Manget's statements. (Def. Letter Brief at 8). But Bernard Gary Rodriguez does not claim that he saw the defendant outside while the shooting was taking place. Therefore, his statement does not contradict Mr. Manget's statement that the defendant was inside the dance hall shooting at him. Third, the defendant notes that Miguel Millings stated that he saw "two suspects" outside the dance hall, but that he saw only one of the suspects shoot Nicholas Rodriguez. (Id.). Again, this does not contradict Mr. Manget's statements. To the contrary, it lends credibility to his statement that at the time of the shooting, only Desta Barnes was outside shooting at Nicholas Rodriguez while the defendant was inside shooting at him. (See Exh. 1, Abraham Aff. ¶ 21). Finally, the defendant states that the police spoke to four people who were inside the dance hall, but unlike Mr. Manget, they all reported to only hearing shots from outside the hall. (Def. Letter Brief at 8). The defendant misstates the facts. While these four individuals state that heard shots being fired, none of them specifically said that all the shots were fired outside the hall. And the defendant fails to point out that all of these individuals were uncooperative with the police. (See Exh. 1, Abraham Aff. ¶ 9).

Third, the defendant argues that the Court should consider additional evidence about the unreliability of Asher Manget and Marcus Rodriguez, namely, their criminal history record. However, the law is clear that an extraditee may not introduce evidence that impeaches the credibility of the demanding country's witnesses. Germany v. United States, Civ. No. 06-1201 (DLI), 2007 U.S. Dist. LEXIS 65676, at *25-26 (E.D.N.Y. Sep. 5, 2007).

For the foregoing reasons, the government respectfully requests that the defendant's requests be denied and the Court

5

issue a Certificate of Extraditability as to the fugitive Kushi Samuels, also known as "Patrick Browne" and "Abdul Drew."

                                   Respectfully submitted,

                                   BENTON J. CAMPBELL
                                   United States Attorney
                                   Eastern District of New York

                           By:          /s/
                                   Winston M. Paes
                                   Assistant U.S. Attorney
                                   (718) 254-6023

cc:  Clerk of Court (RLM) (by ECF)
     Justine Harris, Esq. (by ECF)